# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRAEDI ODIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-369-TS |
| | ) | |
| HOFFMANN SCHOOL OF MARTIAL | ) | |
| ARTS, INC. d/b/a THE SHARK | ) | |
| ACADEMY d/b/a HOFFMANN KARATE, | ) | |
| and GREGORY HOFFMANN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court for a ruling on damages. The Court has conducted a hearing on damages, and the parties have submitted materials after the hearing. The matter is now ripe for ruling on the issue of damages.

## PROCEDURAL BACKGROUND

On October 10, 2006, Braedi Odier sued the Hoffmann School of Martial Arts, Inc. (Hoffman School), Transworld Systems, Inc. (Transworld), and Gregory Hoffmann in the Allen Superior Court in Fort Wayne, Indiana. In her Complaint, the Plaintiff asserted a claim against the Hoffmann School for deceptive practices in violation of Indiana Code § 24-5-0.5-3(a), a claim against Transworld for a Fair Debt Collection Practices Act violation under 15 U.S.C. § 1692e, a claim against the Hoffmann School and Transworld for Truth in Lending Act violations under 15 U.S.C. § 1638, a claim against the Hoffmann School and Gregory Hoffmann for fraud, and a claim against the Hoffmann School for unjust enrichment. Defendants Hoffman School and Hoffman removed this case to this Court on November 15, 2006. On April 25, 2007, the

Plaintiff and Transworld stipulated to Transworld's dismissal from the case with prejudice.

On January 22, 2008, the remaining Defendants filed a Motion for Summary Judgment [DE 33], and the Plaintiff filed a Motion for Partial Summary Judgment [DE 35] on the Truth in Lending Act claim. On June 30, the Court entered an Opinion and Order [DE 50] denying the Defendants' Motion for Summary Judgment and granting the Plaintiff's Motion for Partial Summary Judgment. On July 29, the Defendants filed a Notice of Appeal [DE 51], and on August 14,  the Court of Appeals dismissed the appeal.

On November 6, 2008, the Court conducted a damages hearing. The Plaintiff was present in person and by counsel. Mr. Hoffman failed to appear at the hearing, even though the Court delayed the proceeding to permit defense counsel to locate his client, and thus the Defendants appeared only by counsel. The Plaintiff presented the testimony of Braedi Odier, Exhibits A and B were admitted into evidence, and evidence submitted by the Plaintiff with her Motion for Partial Summary Judgment was read into the record. On November 25, the Defendants filed an Objection to Attorney Fees [DE 60]. On December 8, the Plaintiff filed a Response [DE 62] to the Defendant's Objection. On December 24, the Defendants filed a Reply [DE 63] to the Plaintiff's Response, and on December 26, the Plaintiff filed a Response [DE 64] to the Defendants' Reply, to which the Plaintiff attached Exhibit A [DE 64-2].

**DISCUSSION**

In this matter, the Court has already determined that the Defendants are liable for violating § 1638 of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and it now remains for the Court to determine damages, reasonable attorney's fees, and costs. A creditor who fails to

comply with the requirements imposed by the Act is liable for any actual damages sustained as a result of the failure, statutory damages twice the amount of any finance charge in connection with the transaction or not less than $400 or greater than $4000,[1] and the costs of the action together with a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1640(a)(1), (a)(2)(A)(i), (a)(2)(A)(iii), & (a)(3).

The following evidence has been presented to the Court on the issue of damages. The Plaintiff made two monthly payments of $200 each. The Plaintiff missed at least five hours of work at a rate of $14.41 per hour. The Plaintiff paid several dollars for parking downtown in relation to this litigation. The Defendants entered into another leadership agreement involving a "cash price" of $5745, which reflects a $1455 difference from the price charged to the Plaintiff, which included the improper finance charge. Based upon this evidence, the Court will award the Plaintiff $472.05 in actual damages and $2910 in statutory damages.

On costs and attorney's fees, the Plaintiff has submitted an Attorney Fee Affidavit (Ex.

---

[1] The Leadership Agreement at issue in this case was executed on October 11, 2005. This lawsuit was initiated on October 10, 2006. Prior to an amendment effective on July 30, 2008, § 1640(a)(2)(A) provide in relevant part:

> (i) in the case of an individual action twice the amount of any finance change in connection with the transaction, . . . or (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000 . . . .

15 U.S.C. § 1640(a)(2)(A)(i) & (a)(2)(A)(iii) (amended July 30, 2008). The July 30, 2008, amendment replaced "not less than $200 or granter than $2,000" with "not less than $400 or greater than $4,000." 15 U.S.C. § 1640(a)(2)(A)(iii). Subparagraph (a)(2)(A)(iii) was recently amended (effective nine months after May 22, 2009) to provide as follow:

> (iii) in the case of an individual action relating to an open end consumer credit plan that is not secured by real property or a dwelling, twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established patter or practice of such failures . . . .

Pub. L. 111-24, § 3, Title I, May 22, 2009, 123 Stat. 1735, 1743.

The parties have not specifically addressed the issue whether the 2008 version or an earlier version of the statute should apply based upon when the Defendants' conduct occurred or when this case was instituted. Nevertheless, the Plaintiff specifically referenced statutory damages between $400 and $4000, and the Defendants did not object to this range of statutory damages. Accordingly, the Court will apply the 2008 version of the statute, which is presently in effect, in determining statutory damages.

B), to which is attached a detailed billing statement. The Affidavit indicates that the costs and attorney's fees associated with the Plaintiff's Truth in Lending Act claim total $24,121.35. In his Affidavit, counsel for the Plaintiff attests that the attorney's fees charges, which are calculated with billing rates of $160 and $190 per hour for attorney time and $85 per hour for paralegal time, are reasonable. The Defendants indicated that they did not object to the hourly rates charged but they did object, although mostly in general terms, to 56 entries on the detailed billing statement. They believe that the amount of time logged (including the amount and number of conferences with other attorneys and the amount of research) is excessive because this case is not complicated.[2] They urge that the Plaintiff's attorney's fees should be reduced by 90 hours.[3] In response to the Defendants' Objection to Attorney Fees, the Plaintiff addresses the disputed entries and shows their relationship to the Plaintiff's Truth in Lending Act claim, but the Plaintiff does concede on 6 entries. After deducting the time associated with this concession, the costs and attorney's fees associated with the Plaintiff's Truth in Lending Act claim total $23,000.85. Counsel for the Defendants and the Plaintiff submitted additional arguments based upon estimates given earlier in this litigation regarding the fees that would likely be required to litigate this matter through trial. Not much should be made of the parties' arguments regarding these early estimates, except to note that the fees requested by the Plaintiff are slightly below the low end of the range estimated by both the Plaintiff's counsel and the Defendants' counsel.

---

[2] The Defendants contend that calls and contact with Attorney Dean Brackenridge should not be charged against the Defendants, but it is apparent from the detailed billing statement that the Plaintiff did not include in her request the time involving calls and contact with Attorney Brackenridge.

[3] In asking for the 90-hour reduction, the Defendants cite the total figure of 183 hours of billed time. However, it must be noted that the Plaintiff is not seeking the total number of hours of billed time (183.60 total hours) that is reflected on page 14 of the billing statement. The Defendants fail to note (but the billing statement is clear) that the Plaintiff is not including in her request a substantial number of hours/time that she has deducted from this total. Thus, the Plaintiff's request already reflects a substantial reduction from the 183.60 hour figure.

Based upon the materials submitted by the parties, the evidence and argument presented at the November 6, 2008, hearing, and the Court's independent review of the record in this case and the submitted billing statement, the Court finds that the costs and fees requested by the Plaintiff are reasonable, and the Court will award the Plaintiff $1384.60 in costs and $21,616.25 in attorney's fees. The Plaintiff in this case filed a twelve-page Complaint, and over forty paragraphs of that Complaint related to the Plaintiff's Truth in Lending Act claim. The Defendants removed this action to this Court. The parties engaged in written and oral discovery and participated in a mediation. The parties filed various pretrial motions and participated in conferences and hearings conducted by the Court. Additionally, both parties sought summary judgment. They supported their respective Motions with evidentiary materials, and both Motions were briefed fully. Ultimately, the Plaintiff successfully opposed the Defendant's Motion for Summary Judgment and prevailed on her Motion for Partial Summary Judgment, which obviated the need for the Plaintiff's Truth in Lending Act claim to go to trial (with its associated expense). The Defendants unnecessarily compounded the expense of this litigation when they filed a Notice of Appeal, and the Court of Appeals dismissed their appeal based upon a Motion for Voluntary Dismissal.

## CONCLUSION

For the foregoing reasons, the Court ORDERS that judgment be entered on the Plaintiff's Truth in Lending Act claim in the Plaintiff's favor and against the Defendants in the sum of $472.05 in actual damages, $2910 in statutory damages, $1384.60 in costs, and $21,616.25 in attorney's fees.

This case remains pending against the Defendants on other claims asserted by the Plaintiff in her Complaint. This matter will be set for a telephonic status conference by a separate entry.

SO ORDERED on October 27, 2009.

 s/ Theresa L. Springmann          
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT